**This document was signed electronically on November 1, 2022, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated:  November 1, 2022**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, AKRON

---

| | | |
|---|---|---|
| In re: | : | Case No: 22-51200 |
| | : | |
| Vanguard Wines, LLC | : | Chapter 11, Subchapter V |
| | : | |
| an Ohio limited liability company, | : | Judge Koschik |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 20-3247488) | : | |

---

### ORDER (A) APPROVING BID PROCEDURES FOR SALE OF DEBTOR'S ASSETS; (B) AUTHORIZING AND SCHEDULING AN AUCTION; (C) SCHEDULING HEARING FOR APPROVAL OF THE SALE OF ASSETS FREE AND CLEAR OF LIENS AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO THE SUCCESSFUL BIDDER; (D) APPROVING EXPENSE REIMBURSEMENT; (E) APPROVING PROCEDURES AND SETTING DEADLINES FOR THE ESTABLISHMENT OF CURE COSTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (F) APPROVING CERTAIN DEADLINES AND THE FORM, MANNER AND SUFFICIENCY OF NOTICE; AND (G) GRANTING OTHER RELATED RELIEF (DOC. 11)

1

This matter is before the Court on the *Motion of Debtor for an Order (A) Approving Bid Procedures for Sale of Substantially All of the Debtor's Assets; (B) Authorizing and Scheduling an Auction; (C) Scheduling Hearing for Approval of the Sale of Assets Free and Clear of Liens and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to The Successful Bidder; (D) Approving Expense Reimbursement; (E) Approving Procedures and Setting Deadlines for the Establishment of Cure Costs for Executory Contracts and Unexpired Leases; (F) Approving Certain Deadlines and the Form, Manner and Sufficiency of Notice; and (G) Granting Other Related Relief* (Doc. 11) (the "Procedures Motion"), filed by Vanguard Wines, LLC, the debtor and debtor in possession (the "Debtor"). On October 25, 2022, Andrew R. Vara, United States Trustee for Regions 3 & 9 (the "United States Trustee"), filed his timely Objection to the Procedures Motion (Doc. No. 57) (the "UST Objection").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a). The Court has considered the Procedures Motion, the UST Objection, and the representations made to the Court that the Debtor and the United States Trustee have resolved the UST Objection with certain modifications to Bid Procedures Order[1] and the Bid Procedures, which modifications are embodied herein, and finds that the relief requested in the Procedures Motion, as modified, is in the best interests of the Debtor's bankruptcy estate, its creditors and other parties in interest. The Procedures Motion is therefore approved, as modified and subject to the terms set forth in this Order.

The Court makes the following **findings of fact**:

A.     Notice of the Procedures Motion was adequate and sufficient under the

---

[1] Unless otherwise defined herein, capitalized terms set forth in this Bid Procedures Order shall have the meaning ascribed to them in the Procedures Motion.,

2

circumstances of the Debtor's chapter 11 case, and that notice complied with all applicable requirements of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local bankruptcy rules.

B.     The Bid Procedures attached to this order as <u>Exhibit 1</u> (the "Bid Procedures") are reasonable and appropriate under the circumstances of the Debtor's chapter 11 case.

C.     The *Notice of Bid Procedures, Auction Date and Sale Hearing*, substantially in the form attached to this order as <u>Exhibit 2</u> (the "Sale and Bid Procedures Notice"); the *Notice of Auction and Sale Hearing*, substantially in the form attached hereto as <u>Exhibit 3</u> (the "Sale Hearing Notice"); and the *Notice to Counterparties to Executory Contracts and Unexpired Leases that May Be Assumed and Assigned*, substantially in the form attached hereto as <u>Exhibit 4</u> (the "Cure Notice") are each calculated to provide adequate notice concerning the proposed sale of the Assets and the proposed assumption and assignment of the Assumed Contracts and Leases, and are intended to provide due and adequate notice of the relief sought by the Debtor.

D.     Vanguard Wine Holdings Inc. (the "Stalking Horse Bidder") has expended considerable time and expense in connection with this transaction which justifies the payment to it of the Expense Reimbursement (defined below) and the terms relating to it as approved in this Order.

E.     The entry of this Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest.

Based on the foregoing, **IT IS HEREBY ORDERED** as follows**:**

1.     The Procedures Motion is GRANTED on the terms set forth in this Order.

2.     The Bid Procedures attached as <u>Exhibit 1</u> are approved in their entirety, are

3

incorporated into this Order as though fully set forth in it, and apply to the proposed Auction and sale of the Assets.

3.  The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures. If the Debtor receives more than one Qualified Bid (as defined in the Bid Procedures), an auction (the "Auction") will be held on **November 28, 2022, at 10:00 a.m. (prevailing Eastern time),** at the offices of Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, Ohio 43215, or at any such other location as the Debtor may hereafter designate. The Debtor may also conduct the Auction by Zoom or other video conferencing service at its sole discretion, provided it gives sufficient notice thereof to all Qualified Bidders. The Debtor must file a notice of the results of the Auction within one business day of the Auction.

4.  If another party other than the Stalking Horse Bidder is the Successful Bidder, the Debtor will reimburse the Stalking Horse Bidder for the reasonable fees and expenses that it actually incurs in connection with pursuing this transaction (the "Expense Reimbursement")in an amount not to exceed the sum of $50,000. On or before November 27, 2022, the Stalking Horse Bidder shall provide an itemized invoice of its actual, reasonable expenses redacted for privileges to the Debtor, the Subchapter V Trustee, and the United States Trustee. The Expense Reimbursement will constitute an administrative expense of the Debtor under section 503(b)(1) of the Bankruptcy Code, and will be paid from the proceeds of sale with the Successful Bidder at the time of closing.

5.  The Assets to be sold to the Stalking Horse Bidder or to any other Successful Bidder shall not include any chapter 5 causes of actions under the Bankruptcy Code, and such

22-51200-amk    Doc 65    FILED 11/01/22    ENTERED 11/01/22 16:19:35    Page 4 of 27

causes of actions shall be preserved as assets of the bankruptcy estate.

6.      The Sale Hearing will be conducted on **November 29, at 10:00 a.m. (prevailing Eastern time),** before the Honorable Alan M. Koschik, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Akron), John F. Seiberling Federal Building & U.S. Courthouse, Courtroom 260, 2 South Main Street, Akron, Ohio 44308, and may be adjourned from time to time.

7.      Any objections to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and shall be filed with the Court on or before **November 25, 2022 by 4:00 p.m. (prevailing Eastern time).** No objections will be heard as to an interested party's failure to qualify as a Potential Bidder or a Qualified Bidder, or as to the Debtor's determination of whether a bid is a Qualified Bid. Objections must be served in accordance with the Sale and Bid Procedures Notice and the Sale Hearing Notice.

8.      The proposed sale of the Assets, the proposed assumption and assignment of the Assumed Contracts and Leases, and the Auction will be conducted in accordance with the provisions of this Order and the Bid Procedures.

9.      The Sale and Bid Procedures Notice attached as <u>Exhibit 2,</u> the Sale Hearing Notice attached as <u>Exhibit 3</u>, and the Cure Notice attached as <u>Exhibit 4</u> provide proper notice to all parties in interest and are approved.

10.     Within one business day following entry of this Order. the Debtor will serve by first class mail the Sale and Bid Procedures Notice on the following parties:

      a.      the United States Trustee;

      b.      the Subchapter V Trustee;

      c.      all parties known to be asserting a lien on any of the Assets and who would

appear as potentially holding a lien on any search conducted to determine who asserts a lien on the Debtor's Assets;

d.     all known counterparties to the Assumed Contracts and Leases;

e.     all entities known to have expressed an interest in bidding on the Assets;

f.     the state and local taxing authorities where the Debtor operates;

g.     the District Director of Internal Revenue;

h.     the Ohio Attorney General; and

i.     all other parties that filed a notice of appearance and demand for service of papers in the Debtor's bankruptcy case under Bankruptcy Rule 9010(b) as of the date of entry of this Order.

11.     Within one business day following entry of this Order, the Debtor will serve the Sale Hearing Notice on all known creditors of the Debtor as set forth in the creditors' matrix and Schedules of Assets and Liabilities as filed with Court.

12.     Within three business days following the entry of this order, the Debtor will file and serve the Cure Notice on the counterparties to the Assumed Contracts and Leases; provided, however, that in the event a previously omitted Assumed Contract or Lease was not included in the Cure Notice, the Debtor will promptly (but in no event later than two days after discovery thereof) mail and serve a Cure Notice on the additional Counterparty (defined below). Counterparties to the Assumed Contracts and Leases (each a "Counterparty," and together, the "Counterparties") must file and serve any objection to the assumption and assignment of any Assumed Contract or Lease, including objections to any Cure Cost as well as any objection asserting any action required to be taken to cure any non-monetary default and issues of adequate assurance of future performance ("Cure Objection") and such Cure Objections must attach a

6

complete copy of the Assumed Contract or Lease (together with all amendments), and set forth with specificity (a) all defaults under the Assumed Contract or Lease, (b) the cure costs that the Counterparty believes are owing and must be paid as a condition to assumption, and (c) any other objection to the assumption and assignment of the Assumed contract or Assumed Lease (x) to the Stalking Horse Bidder, by November 23 2022; and (y) to a Successful Bidder that is not the Stalking Horse Bidder, by November 28 2022 at 4:00 p.m. (prevailing eastern time).

13.     Any Counterparty failing to timely file an objection to the Cure Amount set forth in the Cure Notice will be deemed to consent to the (a) assumption and assignment of the Assumed Contract or Lease and will be forever barred from objecting to the Cure Costs and from asserting any additional cure costs (whether monetary or non-monetary) or other amounts against the Debtor, its estate, and the Successful Bidder with respect to the Assumed Contract or Lease to which it is a Counterparty; and (b) the reinstatement, without default, of the Assumed Contract or Lease upon receipt by the Counterparty of payment of the applicable Cure Cost. Notwithstanding anything to the contrary, none of the Assumed Contracts or Leases, and no other executory contract or unexpired lease, will be assumed unless and until the occurrence of the closing by the Debtor and the Successful Bidder pursuant to an asset purchase agreement as approved by Order of this Court.

14.     Compliance with the foregoing notice provisions will constitute sufficient notice of the Debtor's proposed sale of the Assets free and clear of all liens, claims, interests and encumbrances, the contemplated assumption and assignment of each Assumed Contract or Lease and the proposed amount of Cure Costs with respect to each such Assumed Contract or Lease, and except as otherwise set forth in this Order, no other or further notice of the sale will be required to be provided by the Debtor.

15.     If there is any inconsistency among the Procedures Motion, the Bid Procedures, the Stalking Horse APA and this Order, this Order will govern.

16.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d) and 7062 or otherwise, the terms and conditions of this Order will be immediately effective and enforceable upon its entry, and no automatic stay of execution will apply to this Order.

17.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this order. All matters arising from or related to the implementation of this Order may be brought before the Court as a contested matter, without the necessity of commencing an adversary proceeding.

SO ORDERED.

SUBMITTED BY:

/s/ Richard K. Stovall
Thomas R. Allen        (0017513)
Richard K. Stovall      (0029978)
James A. Coutinho       (0082430)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500      F: (614) 221-5988
allen@ASNAlaw.com; stovall@ASNAlaw.com
coutinho@ASNAlaw.com
*Counsel for Debtor/Debtor in Possession*

Copies of order to be served by Debtor in accordance with terms of order.

**EXHIBIT 1**
Bid Procedures

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, AKRON**

---------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Case No: 22-51200 |
| | : | |
| Vanguard Wines, LLC | : | Chapter 11, Subchapter V |
| | : | |
| an Ohio limited liability company, | : | Judge Koschik |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 20-3247488) | : | |

---------------------------------------------------------

## BID PROCEDURES

These sale and Bid Procedures (the "Bid Procedures") govern the procedures for the sale of substantially all the assets (the "Assets") of Vanguard Wines, LLC (the "Debtor"), under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and within the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (the "Bankruptcy Court").

The Debtor filed a motion before the Bankruptcy Court seeking, among other things, approval of the Bid Procedures governing the process and procedures for the sale of the Assets. The Bankruptcy Court entered an order approving these Bid Procedures (the "Bid Procedures Order," Docket No. ___). Pursuant to the Bid Procedures Order, the Bankruptcy Court has scheduled a hearing on November 29, at 10:00 a.m.. (prevailing Eastern time), to consider the sale of the Assets (the "Sale Hearing").

I.      **Assets to Be Sold**

The Debtor intends to sell the Assets, which include, but are not limited to: leased property, furniture, fixtures and equipment, certain contracts, intellectual property, inventory, leases, all rights under insurance policies or rights to proceeds goodwill and general intangibles, and other tangible personal property. The Assets do not include the Debtor's cash or accounts receivable and do not include any chapter 5 causes of actions under the Bankruptcy Code.

II.     **Stalking Horse Bidder**

The Debtor has completed arm's length negotiations with Vanguard Wine Holdings Inc.

1

**EXHIBIT 1**
Bid Procedures

(the "Stalking Horse Bidder") to serve as the stalking horse bidder. As a result of those negotiations, the Stalking Horse Bidder has submitted an initial offer for the Assets that is the aggregate of the following (together, the "Purchase Price"): (i) the value of the Debtor's stock in wine (with the stock valued at the lower of cost price or net realizable value as listed on the Debtor's stock valuation report) at the time of closing, which is anticipated to be approximately $1,000,000.00 (the "Stock Component"); (ii) $52,000.00 (the "Cash Component"); and (iv) the assumption of certain liabilities through the payment of cure costs (the "Stalking Horse Bid''). The Stalking Horse Bid is memorialized by an Asset Sale Agreement between the Debtor and the Stalking Horse Bidder (the "APA") but is subject to higher or better bids pursuant to the terms of these Bid Procedures and applicable law.

## III.    Due Diligence

Any Potential Bidder (as defined below) may obtain a detailed description of the Assets through the process described in these Bid Procedures. The APA will contain representations and warranties, affirmative and negative covenants, events of default, and conditions precedent to closing (among other provisions) that are customary for similar transactions as determined by the Debtor and the Stalking Horse Bidder, but generally the Assets will be sold on an "As Is, Where Is" basis. Pursuant to section 363 of the Bankruptcy Code and in accordance with these Bid Procedures, the Debtor is seeking to sell the Assets free and clear of all liens, claims, encumbrances, and interests.

To be conduct due diligence and explore bidding on the Assets, the Debtor must determine that an interested party is a "Potential Bidder." A Potential Bidder is an interested party: (i) determined by the Debtor to be reasonably likely to make a Qualified Bid (defined below) and (ii) who delivers an executed confidentiality agreement in form and substance satisfactory to the Debtor.

Until the Bid Deadline (defined below), the Debtor will afford to each Potential Bidder reasonable access, during normal business hours and subject to confidentiality requirements, to the books and records of the Debtor reasonably requested by any Potential Bidder, to the extent provision of such access or information is not prohibited by applicable law and relates to the Assets. The Debtor will simultaneously distribute via its virtual data room in written form any additional diligence materials not previously provided to the Stalking Horse Bidder or any other Potential Bidder. Except as provided by applicable law or Bankruptcy Court order, neither the Debtor nor its representatives are obligated to furnish any information of any kind whatsoever relating to the Assets to any person or entity who is not a Potential Bidder and who does not comply with the requirements of these Bid Procedures.

## IV.    Determination of "Qualified Bidder" Status

Any Potential Bidder desiring to participate in the bidding process must be a "Qualified Bidder". To be deemed a Qualified Bidder, a Potential Bidder must deliver to the Debtor's

**EXHIBIT 1**
Bid Procedures

counsel (Richard K. Stovall, Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, OH 43215, stovall@asnalaw.com) financial information evidencing the Potential Bidder's ability to close the transaction satisfactory to the Debtor, in its sole discretion, or such other information as reasonably determined by the Debtor to support the Potential Bidder's ability to close the transaction.

## V.     Bid Deadline

A Qualified Bidder that desires to make a bid must deliver written and electronic copies of the bid to the Debtor's counsel (Richard K. Stovall, Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, OH 43215, stovall@asnalaw.com) so as to be received by no later than 4:00 p.m. (prevailing Eastern time) on or before November 23, 2022 (the "Bid Deadline").

## VI.    Requirements of a "Qualified Bid"

To be deemed a "Qualified Bid'' that may be considered at the Auction (as defined below), a bid must:

a.      be in writing;

b.      be submitted by a Qualified Bidder;

c.      be of a value to meet the Overbid Requirements (defined below);

d.      be accompanied by a deposit in the form of a cash or cashier's check in the amount of at least (10%) of the bid amount (such cash deposit will be applied to the ultimate purchase price);

e.      provide evidence satisfactory to the Debtor of having sufficient specifically committed funds to complete the transaction or a non-contingent lending commitment for the full bid amount and such other documentation relevant to the Qualified Bidder's ability to qualify as the purchaser of the Assets and ability to close the sale and immediately and unconditionally pay the purchase price at closing;

f.      provide admissible evidence of its ability to provide adequate assurance of further performance under any executory contracts or unexpired leases to be assumed and assigned to the Qualified Bidder at closing (the "Assumed Contracts and Leases");

g.      seek to acquire the Assets on terms and conditions not less favorable to the Debtor than the terms and conditions to which the Stalking Horse Bidder has agreed, including but not limited to completing any due diligence by the same deadline as imposed on the Stalking Horse Bidder and closing on the sale in the same time

3

**EXHIBIT 1**
Bid Procedures

parameters as the Stalking Horse Bidder;

h.     be irrevocable until the earlier of (i) the Qualified Bidder's bid being determined by the Debtor not to be a Qualified Bid or (ii) another Qualified Bidder's bid for substantially all of the Assets being approved by the Bankruptcy Court and the release of the Qualified Bid as the Reserve Bid, if applicable

i.     be accompanied by a fully executed asset purchase agreement (the "Modified APA") and a version electronically marked to show reasonable changes against the Stalking Horse Bidder's APA;

j.     identify the Assumed Contracts and Leases the Qualified Bidder seeks to have assigned to it;

k.     contain no contingencies of any kind, including evidence that the Qualified Bidder has financial resources readily available sufficient to finance the purchase of the Assets and authorization and approval from such Qualified Bidder's board of directors or comparable governing body demonstrating the authority of the Qualified Bidder to make a binding and irrevocable bid on the terms provided in the Modified APA;

l.     provide the that the Qualified Bidder is obligated to perform as the Reserve Bidder (as defined below) in the event the Qualified Bidder is not the Successful Bidder; and

m.     be accompanied by an affirmative statement from Qualified Bidder that:

     i.     it has and will continue to comply with these Bid Procedures;

     ii.     that its bid does not entitle such Qualified Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment or reimbursement; and

     iii.     it waives any substantial contribution administrative expense claims under section 503(b) of the Bankruptcy Code related to bidding for the Assets.

For purposes of these Bid Procedures and bidding at the Auction, the Stalking Horse Bidder is a Qualified Bidder and the Stalking Horse Bid is a Qualified Bid. Further, Crossroads Financial Group, LLC ("Crossroads") is deemed a Qualified Bidder with the right to credit bid its Obligations in respect of the Collateral, subject to any *bona fide* Challenge, all as defined and further set forth in that certain *Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection* (Doc No. 58). The Debtor will determine whether a bid is a Qualified Bid and shall notify all Qualified Bidders whether their bids have been determined to be Qualified Bids by no later than 5:00 p.m. (prevailing Eastern time) on

4

**EXHIBIT 1**
Bid Procedures

November 25, 2022. The Debtor reserves the right to reject any bid on any grounds.

## VII. Overbid Requirements and Expense Reimbursement

The Overbid Requirements require any Qualified Bid to be for the amount of the Purchase Price, an amount equal to the Expense Reimbursement, and at least $50,000 in additional value.

The Debtor has negotiated, and the Bankruptcy Court has approved, the reimbursement of the Stalking Horse Bidder for its out-of-pocket expenses incurred in connection with this transaction in a total amount of not more than $50,000 (the "Expense Reimbursement"). If the Stalking Horse Bidder is not the purchaser at closing, it will be paid the Expense Reimbursement from the sale proceeds of the overbid at the time of closing with the Successful Bidder.

## VIII. Auction Process

If the Debtor receives more than one Qualified Bid, the Debtor will conduct an auction (the "Auction") for the Assets. The Auction will take place on November 28, 2022 at 10:00 a.m. (prevailing Eastern time) at the offices of Debtor's counsel: Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, OH 43215. The Debtor may also conduct the Auction by Zoom or other video conferencing service at its sole discretion, provided it gives sufficient notice thereof to all Qualified Bidders.

The Debtor will have the right to enact detailed procedures for the conduct of the Auction at any time prior to the start of the Auction. Any rules developed by the Debtor will provide that all bids in the Auction will be made and received in one room (or, if applicable, video conferencing room), on an open basis, and all other Qualified Bidders participating in the Auction will be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder will be fully disclosed to all other Qualified Bidders participating in the Auction and that all material terms of each Qualified Bid submitted in response to the Baseline Bid or to any Subsequent Overbid (as defined below) made at the Auction will be fully disclosed to all other Qualified Bidders throughout the entire Auction. All bids shall be placed on the record, which shall either be transcribed or videotaped.

Parties entitled to attend the Auction include the Debtor, the Stalking Horse Bidder, the Qualified Bidders, the Subchapter V Trustee, a representative of the United States Trustee, the Secured Lenders, and each of those respective parties' representatives. The Stalking Horse Bidder and each Qualified Bidder shall appear at the Auction in person, or through a representative who provides appropriate evidence of such person's authority. Only a Qualified Bidder that submitted a timely Qualified Bid and the Stalking Horse Bidder will be entitled to make bids at the Auction.

**EXHIBIT 1**
Bid Procedures

Prior to the Auction, the Debtor will share with all Qualified Bidders the highest or best bid received at the Bid Deadline (the "Baseline Bid''). Qualified Bidders will be permitted to revise, increase, and/or enhance their bids based upon the terms of the Stalking Horse Bid at the Auction. All Qualified Bidders will have the right to make additional modifications to the Modified APA or the Stalking Horse APA at the Auction.

The Auction will be conducted in rounds and in any order the Debtor determines. At the end of every round, the Debtor shall declare the highest or best bid or bids at that time for the Assets. Each Qualified Bidder shall have the right to continue to improve its respective bid at the Auction. The initial minimum overbid shall be the Baseline Bid plus $25,000 (the "Initial Overbid''). Thereafter, a Qualified Bidder may increase its Qualified Bid in any manner that it deems fit; provided, however, that each subsequent bid above the Initial Overbid (each, a "Subsequent Overbid'') must have a purchase price that exceeds the purchase price of the previous highest bid by at least $25,000 of additional consideration.

After an Initial Overbid is received, the Stalking Horse Bidder will be permitted to credit bid the entire amount of the Expense Reimbursement in any subsequent bid submitted by the Stalking Horse Bidder up to an aggregate cap of $50,000. Upon a credit bid of the Expense Reimbursement, the Debtor will reduce the bid of every Qualified Bidder other than the Stalking Horse Bidder by an amount equal to the amount of the Expense Reimbursement (or consider any Subsequent Overbid of the Stalking Horse Bidder to be higher by an amount equal to Expense Reimbursement). The Stalking Horse Bidder shall be entitled to make a revised higher or better offer at any time during the Auction.

The Initial Overbid and Subsequent Overbids must continue to meet each of the criteria of a Qualified Bid (other than the requirement that such bids be submitted by the Bid Deadline). The Debtor reserves the right to approach any Qualified Bidder and seek clarification to bids at any time.

The Auction will continue until the Debtor determines, subject to Bankruptcy Court approval, that it has received the highest or best offer for Assets (the "Successful Bid") and the next highest and best Qualified Bid for the Assets as the Auction (the "Reserved Bid''). The Qualified Bidder submitting the Successful Bid will be the "Successful Bidder" and the Qualified Bidder submitting the Reserve Bid will be the "Reserve Bidder."

The Debtor reserves the right, in its business judgment, to make one or more modifications and/or adjournments to the Auction to, among other things: (i) facilitate discussions between the Debtor, on the one hand, and individual Qualified Bidders, on the other hand; (ii) allow individual Qualified Bidders to consider how they wish to proceed; and (iii) give Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor in its reasonable business judgment may require. For the avoidance of doubt, the Debtor may not modify or otherwise adjust the amount of the Initial Overbid minimum or the Subsequent Overbid minimums.

6

**EXHIBIT 1**
Bid Procedures

IX.     **The Sale Hearing**

At the Sale Hearing, the Debtor will seek entry of an order authorizing and approving the sale to the Successful Bidder. Any objections to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and shall be filed with the Bankruptcy Court on or before November 25 2022 at 4:00 p.m. (prevailing Eastern time); No objections will be heard as to an interested party's failure to qualify as a Potential Bidder or a Qualified Bidder, or as to the Debtor's determination of whether a bid is a Qualified Bid. Parties must file and serve any objections to the Sale Motion in the manner prescribed in the notice of the motion to approve the sale of the Assets. The Sale Hearing may be adjourned or rescheduled from time to time. The Debtor will provide notice of such adjournment or rescheduling to the following parties or their counsel: (i) the U.S. Trustee; (ii) the Stalking Horse Bidder; (iii) the Subchapter V Trustee; (iv) Qualified Bidders; (v) all parties that have filed a timely objection to the sale; (vi) all persons or entities known or reasonably believed to have asserted a lien in any of the Assets; and (vii) all parties that have requested notice in the Debtor's bankruptcy case.

X.      **Failure to Consummate Purchase**

Following the Sale Hearing, if the Successful Bidder fails to consummate the closing of the sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor will be authorized, but not required, to consummate the sale with Reserve Bidder without further order of the Bankruptcy Court. In such case, the defaulting Successful Bidder's deposit will be forfeited to the Debtor. Additionally, the Debtor shall be entitled to seek all available damages from the defaulting Successful Bidder.

XI.     **Return of Deposit**

The deposits of the Successful Bidder will be applied to the Successful Bidder's obligations under the Successful Bid upon closing of the transaction.

The deposit of the Reserve Bidder will be returned to the Reserve Bidder upon the later of (i) the closing of the transaction to the Successful Bidder and (ii) thirty days after the Sale Hearing; provided, however, that if a Successful Bidder fails to close the transactions when and as provided in the Successful Bid, then the deposit of the Reserve Bidder will be applied to the Reserve Bidder's obligations under the Reserve Bid upon closing of the transactions contemplated thereby. If a Reserve Bidder fails to close the transactions contemplated by a Reserve Bid, then such Reserve Bidder will forfeit its deposit.

All other deposits of Qualified Bidders who are not the Successful Bidder or the Reserve Bidder shall be returned within three business days after the conclusion of the Auction. The Debtor reserves all its rights regarding any return of deposits, and the failure by the Debtor to timely return any deposits will not serve as a claim for breach of any Qualified Bids or

**EXHIBIT 1**
Bid Procedures

create any default in favor of any Qualified Bidders.

**XII.     Modification of Bid Procedures**

The Debtor, with the approval of the Stalking Horse Bidder, may amend any non-material terms of these Bid Procedures, in its reasonable business judgment, at any time in any manner that will best promote the goals of the bidding process, including but not limited to extending or modifying any of the dates described herein.

8

**EXHIBIT 2**
Cure Notice

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, AKRON**

-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Case No: 22-51200 |
| | : | |
| Vanguard Wines, LLC | : | Chapter 11, Subchapter V |
| | : | |
| an Ohio limited liability company, | : | Judge Koschik |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 20-3247488) | : | |

-----------------------------------------------------------

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED**

>        <u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       Please **TAKE NOTICE** of the following:

       1.      On October 10, 2022 (the "Petition Date"), Vanguard Wines, LLC, debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

       2.      On November 1, 2022, the Debtor filed the *Motion of Debtor for an Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (C) Granting Related Relief* (the "Sale Motion") (Doc. _____). Pursuant to the Sale Motion, the Debtor seeks, among other things, the Bankruptcy Court's approval of the sale of substantially all the Debtor's assets, including the assumption and assignment of various executory contracts and unexpired leases (collectively, the "Assumed Contracts and Leases") to the Successful Bidder (as defined in the Sale Motion), free and clear of liens, claims, encumbrances and other interests.

       3.      On November 1, 2022, the Bankruptcy Court entered the *Order (A) Approving Bid Procedures For Sale Of Substantially All of Debtor's Assets; (B) Authorizing And Scheduling An Auction; (C) Scheduling Hearing For Approval Of The Sale Of Assets Free And Clear Of Liens And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases To The Successful Bidder; (D) Approving Breakup Fee And Expense Reimbursement; (E) Approving Procedures And Setting Deadlines For The Establishment of Cure Costs For Executory Contracts*

1

**EXHIBIT 2**
Cure Notice

*And Unexpired Leases; (F) Approving Certain Deadlines And The Form, Manner And Sufficiency Of Notice; And (G) Granting Other Related Relief* (the "Procedures Order") (Doc. ___). This Notice is issued pursuant to the requirements of the Procedures Order. The Procedures Order and the order approving the Sale Motion will govern the Debtor's assumption and assignment of the Assumed Contracts and Leases Assumed Leases. Pursuant to the Procedures Order, Vanguard Wine Holdings Inc.,was approved as the "Stalking Horse Bidder."

4.     The hearing (the "Sale Hearing") on the Sale Motion has been set for November 29, 2022, at 10:00 a.m. (prevailing Eastern Time) before the Honorable Alan M. Koschik, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Akron), John F. Seiberling Federal Building & U.S. Courthouse, Courtroom 260, 2 South Main Street, Akron, Ohio 44308.

5.     The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in the Bankruptcy Court or on the Bankruptcy Court's calendar on the date scheduled for the Sale Hearing.

6.     The amount shown on Exhibit 1 attached to this Notice as the "Cure Cost" for the Assumed Contract or Lease listed on Exhibit 1 to which you are a party is the amount, based upon the Debtor's books and records, which the Debtor asserts is owed to cure any defaults existing under such Assumed Contracts or Leases as of the Petition Date.

7.     If you disagree with the Cure Cost shown for the Assumed Contract or Lease on Exhibit 1 or if you object to the assumption and assignment of your Assumed Contract or Lease to the Stalking Horse Bidder on any ground (including non-monetary defaults, adequate assurances of future performance, etc.), you must file an objection in writing with the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Akron), John F. Seiberling Federal Building & U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on or before November 23, 2022 by 4:00 p.m. (prevailing Eastern time). In addition, any objection must attach a complete copy of your contract (including all amendments thereto) and set forth the specific default or defaults alleged, set forth any such other ground for objection, and set forth any Cure Cost as alleged by you.

8.     If you object to the assumption and assignment of your Assumed Contract or Lease to a Successful Bidder that is not the Stalking Horse Bidder on any ground (including non-monetary defaults, adequate assurances of future performance, etc.), you must file an objection in writing with the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Akron), John F. Seiberling Federal Building & U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on or before 4:00 p.m. (prevailing Eastern Time) on November 28, 2022. In addition, any objection must attach a complete copy of your contract (including all amendments thereto) and set forth the specific default or defaults alleged, set forth any such other ground for objection, and set forth any Cure Cost as alleged by you. Notice of the identity of the Successful Bidder will be filed on the docket after conclusion of the Auction.

9.     Your receipt of this notice does not constitute an admission by the Debtor that your agreement actually constitutes an executory contract or unexpired lease under section 365 of the

**EXHIBIT 2**
Cure Notice

Bankruptcy Code, and the Debtor expressly reserves the right to challenge the status of any agreement.

10.　　Any objection to the assignment and assumption of your Assumed Contract or Lease or to the Cure Cost must be served so as to be received by that same date and time stated above upon the following parties: (i) counsel to the Debtor: Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, Ohio 43215 (Attention: Richard K Stovall, stovall@asnalaw.com), Facsimile: (614) 221-5988; (ii) the Subchapter V Trustee: Patricia Fugee, Esq. FisherBroyles, LLP. 27100 Oakmead Dr., Box 306, Perrysburg, Ohio  43551 (Patricia.Fugee@FisherBroyles.com;(iii) the Office of the United States Trustee, 201 Superior Avenue, East, Ste. 441, Cleveland, Ohio 44114 Attention:  Scott R. Belhorn, Esq., (scott.r.belhorn@usdoj.gov); and (iv) counsel to the Stalking Horse Bidder: Sean D. Malloy, Esq., McDonald Hopkins, 600 Superior Avenue East, Suite 2100, Cleveland, OH 44114 (smalloy@mcdonaldhopkins.com).

11.　　IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION OR OBJECTIONS AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE. ANY NON-DEBTOR PARTY TO ANY PURCHASED CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE COSTS FOR THAT PURCHASED CONTRACT OR LEASE WILL (I) BE FOREVER BARRED FROM OBJECTING TO THE RELIEF SOUGHT IN THE SALE MOTION, THE CURE AMOUNT AND FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS (WHETHER MONETARY OR NON-MONETARY) WITH RESPECT TO THAT UNEXPIRED LEASE, LICENSE AGREEMENT OR EXECUTORY CONTRACT AND THE DEBTOR WILL BE ENTITLED TO RELY SOLELY UPON THE CURE AMOUNT; AND (II) BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF THAT UNEXPIRED LEASE, LICENSE AGREEMENT OR EXECUTORY CONTRACT AND WILL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTOR, STALKING HORSE BIDDER OR OTHER SUCCESSFUL BIDDER OR ANY OTHER ASSIGNEE OF THE RELEVANT UNEXPIRED LEASE, LICENSE AGREEMENT OR EXECUTORY CONTRACT THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION AND ASSIGNMENT MUST BE SATISFIED UNDER THE UNEXPIRED LEASE, LICENSE AGREEMENT OR EXECUTORY CONTRACT.

Dated November _, 2022　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　 /s/ Richard K. Stovall
　　　　　　　　　　　　　　　Thomas R. Allen　　　(0017513)
　　　　　　　　　　　　　　　Richard K. Stovall　　(0029978)
　　　　　　　　　　　　　　　James A. Coutinho　　(0082430)
　　　　　　　　　　　　　　　Allen Stovall Neuman & Ashton LLP
　　　　　　　　　　　　　　　10 West Broad Street, Suite 2400
　　　　　　　　　　　　　　　Columbus, Ohio 43215
　　　　　　　　　　　　　　　T: (614) 221-8500　　F: (614) 221-5988
　　　　　　　　　　　　　　　allen@ASNAlaw.com; stovall@ASNAlaw.com
　　　　　　　　　　　　　　　coutinho@ASNAlaw.com

**EXHIBIT 2**
Cure Notice

*Counsel for Debtor/Debtor in Possession*

**EXHIBIT 3**
Sale and Bid Procedures Notice

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, AKRON**

-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Case No: 22-51200 |
| | : | |
| Vanguard Wines, LLC | : | Chapter 11, Subchapter V |
| | : | |
| an Ohio limited liability company, | : | Judge Koschik |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 20-3247488) | : | |

-----------------------------------------------------------

### NOTICE OF BID PROCEDURES, AUCTION DATE, AND SALE HEARING

Please TAKE NOTICE of the following:

1. **Sale of Assets.** Vanguard Wines, LLC, the debtor and debtor in possession (the "Debtor"), is seeking to sell substantially all its assets under chapter 11 of the United States Bankruptcy Code, except for the Debtor's cash, accounts receivable, and any and all potential avoidance actions described at chapter 5 of the Bankruptcy Code. The Debtor believes the sale of the Assets is in the best interest of the Debtor's estate and will provide the highest and best value for the Assets.

2. **Procedures Motion.** On October 11, 2022, the Debtor filed the *Motion of Debtor for an Order (A) Approving Bid Procedures for Sale of Substantially All of the Debtor's Assets; (B) Authorizing and Scheduling an Auction; (C) Scheduling Hearing for Approval of the Sale of Assets Free and Clear of Liens and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to The Successful Bidder; (D) Approving Expense Reimbursement; (E) Approving Procedures and Setting Deadlines for the Establishment of Cure Costs for Executory Contracts and Unexpired Leases; (F) Approving Certain Deadlines and the Form, Manner and Sufficiency of Notice; and (G) Granting Other Related Relief* (Doc. 11) (the "Procedures Motion")

3. **Procedures Order and Sale Motion.** On November 1, 2022, the Bankruptcy Court entered an order (the "Procedures Order", Doc. ____) granting the Procedures Motion and approving the Bid Procedures attached to this notice (the "Bid Procedures") to be used in connection with a sale of substantially all the Debtor's assets, except for the Debtor's cash, accounts receivable, and any and all potential avoidance actions described at chapter 5 of the Bankruptcy Code (the "Assets"). Pursuant to separate motion (the "Sale Motion," Doc. ____), the Assets are being sold free and clear of all liens, claims, encumbrances and interests, provided that Section 363(f) of the Bankruptcy Code has been satisfied.

1

**EXHIBIT 3**
Sale and Bid Procedures Notice

4.     **Stalking Horse Bid.** Vanguard Wine Holdings Inc. (the "Stalking Horse Bidder") has submitted an offer (the "Stalking Horse Bid") to the Debtor to purchase the Assets on the terms described in the Procedures Motion, which will be subject to a definitive Asset Purchase Agreement to be filed with the Court (the "Stalking Horse ASA"), which offer is conditioned on Bankruptcy Court approval and is subject to higher or better offers. The Debtor determined that the offer of the Stalking Horse Bidder is presently the highest and best offer. The sale terms are set forth with more particularly in the Procedures Motion.

5.     **Purchase Price.** The purchase price for the Assets under the Stalking Horse Bid is the aggregate of the following (together, the "Purchase Price"): (i) the value of the Debtor's stock in wine (with the stock valued at the lower of cost price or net realizable value as listed on the Debtor's stock valuation report) at the time of closing which is anticipated to be approximately $1,000,000.00 (the "Stock Component"); and (ii) $52,000.00 (the "Cash Component").

6.     **Other Sale Terms.** Other relevant terms of the proposed include the following: (a) the Assets will be sold free and clear of liens, claims, encumbrances and other interests; (b) in the event the Court approves a bid from another party, the Stalking Horse Bidder will be reimbursed its reasonable expenses actually incurred in connection with the sales transaction as set forth in an invoice that shall be provided to the Debtor, the Subchapter V Trustee, and the United States Trustee prior to the auction in an amount not to exceed $50,000 (the "Expense Reimbursement"); (c) the Stalking Horse Bidder will assume certain enumerated liabilities as of the closing; (d) certain executory contracts and unexpired leases will be assumed by the Debtor and assigned to the Stalking Horse Bidder; and (e) except as expressly stated in the Stalking Horse APA, the Debtor is making no representation or warranties whatsoever, express or implied, with respect to any matter relating to the Assets; (the Assets are being sold on an "As Is, Where Is" basis).

7.     **Other Offers, Auction.** If offers are received by the Debtor from other Qualified Bidders[2] in accordance with the Bid Procedures for a price and on terms that are higher or better than the Stalking Horse Bid, the Assets will be sold at the Auction. The Bid Procedures afford the Debtor the opportunity to subject the Assets to competitive bidding while preserving the bid of the Stalking Horse Bidder, thereby providing a floor price for the Assets.

8.     **Bid Procedures.** A copy of the Bid Procedures is attached as Exhibit 1. The Bid Procedures describe, among other things, the terms of the bidding process, the requirements and deadlines for participation in the sale, required terms of any bids, and the time, location and conduct of the Auction. If there is any inconsistency or conflict between this Notice, the Bid Procedures and the Bid Procedures Order, the Bid Procedures Order controls.

9.     **The Auction.** The Debtor is authorized to conduct the Auction in accordance with the Bid Procedures to determine the highest and best bid with respect to the Assets. The Auction, if any, will commence at 10:00 a.m. (prevailing Eastern Time) on November 28, 2022, at the Columbus, Ohio law offices of Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, Ohio 43215. The Debtor may also conduct the Auction by Zoom or other video conferencing service at its sole discretion, provided it gives sufficient notice thereof to all Qualified

---

[2] Capitalized terms not defined in this notice have the meaning defined in the Bid Procedures.

**EXHIBIT 3**
Sale and Bid Procedures Notice

Bidders.

10.     **The Sale Hearing.** The Bankruptcy Court has scheduled a hearing for November 29, 2022, at 10:00 a.m. (prevailing Eastern Time) (the "Sale Hearing") to consider either approval of the Stalking Horse APA in the absence of an Auction or approval of the successful bid and confirm the results at the Auction for the Assets, pursuant to the Sale Motion. The Sale Hearing may be adjourned in open court from time to time, without further notice. The Sale Hearing will be held before the Honorable Alan M. Koschik, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Akron), John F. Seiberling Federal Building & U.S. Courthouse, Courtroom 260, 2 South Main Street, Akron, Ohio 44308.

11.     **Bid Procedures Govern.** The Bid Procedures govern the bidding process and any Auction of the Assets. Any person that wishes to receive a copy of the Sale Motion (with all attachments), the Stalking Horse APA, or the Procedures Order, can make such request in writing to Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, Ohio 43215 (Attn: Richard K. Stovall, stovall@asnalaw.com) or can obtain such information from the Clerk of Court.

12.     **Objections.** Any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court, and shall be served on: (i) counsel to the Debtor: Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, Ohio 43215 (Attention: Richard K Stovall, stovall@asnalaw.com), Facsimile: (614) 221-5988; (ii) the Subchapter V Trustee: Patricia Fugee, FisherBroyles, LLP. 27100 Oakmead Dr., Box 306, Perrysburg, Ohio 43551 (Patricia.Fugee@FisherBroyles.com);(iii) the Office of the United States Trustee, 201 Superior Avenue, East, Ste. 441, Cleveland, Ohio  44114 Attention:  Scott R. Belhorn, Esq., (scott.r.belhorn@usdoj.gov); and (iv) counsel to the Stalking Horse Bidder: Sean D. Malloy, Esq., McDonald Hopkins, 600 Superior Avenue East, Suite 2100, Cleveland, OH 44114, (smalloy@mcdonaldhopkins.com) so as to be received no later than November 25, 2022; at :00 p.m. (prevailing Eastern Time).

Dated _____, 2022               Respectfully submitted,

                                       /s/ Richard K. Stovall
                                      Thomas R. Allen       (0017513)
                                      Richard K. Stovall     (0029978)
                                      James A. Coutinho     (0082430)
                                      Allen Stovall Neuman & Ashton LLP
                                      10 West Broad Street, Suite 2400
                                      Columbus, Ohio 43215
                                      T: (614) 221-8500     F: (614) 221-5988
                                      allen@ASNAlaw.com; stovall@ASNAlaw.com
                                      coutinho@ASNAlaw.com
                                      *Counsel for Debtor/Debtor in Possession*

**EXHIBIT 3**
Sale and Bid Procedures Notice

# EXHIBIT 1

# BID PROCEDURES

4

--------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Case No: 22-51200 |
| | : | |
| Vanguard Wines, LLC | : | Chapter 11, Subchapter V |
| | : | |
| an Ohio limited liability company, | : | Judge Koschik |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 20-3247488) | : | |

--------------------------------------------------------

**NOTICE OF AUCTION AND HEARING ON MOTION OF DEBTOR FOR AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO ALL PARTIES IN INTEREST

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Please **TAKE NOTICE** of the following:

1.      **Bankruptcy Case Filing.** On October 10, 2022 (the "Petition Date"), Vanguard Wines, LLC, debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      **Sale Motion.** On November 1, 2022, the Debtor filed the *Motion of Debtor for an Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (C) Granting Related Relief* (the "Sale Motion") (Doc. ____).

3.      **Assets to be Sold.** The Debtor proposes to sell substantially all its assets (except for the Debtor's cash, accounts receivable, and any and all potential avoidance actions described at chapter 5 of the Bankruptcy Code) (the "Assets") to Vanguard Wine Holdings Inc. (the "Stalking Horse Bidder") or to the party that submits the highest and best offer. The Debtor further proposes to assume and assign certain executory contracts and unexpired leases (collectively, the "Assumed Contracts Leases") associated with the Assets.

4.     **Sale Free and Clear of Liens, Claims, Encumbrances and Interests.** Pursuant to section 363(b) and (f) of the Bankruptcy Code, and subject to any orders entered by the Court, the Debtor will seek authority to sell all rights, title, and interest in the Assets to the Stalking Horse Bidder or the Qualified Bidder[3] submitting the highest and best Qualified Bid in accordance with the Bid Procedures, in either case, free and clear of any liens, claims, encumbrances and interests, with all such liens, claims, encumbrances and interests attaching to the proceeds of the sale.

5.     **The Auction.** If the Debtor receives more than one Qualified Bid, the Debtor will conduct an auction (the "Auction") for all of the Assets. The Auction, if any, will commence at 10:00 a.m. (prevailing Eastern Time) on November 28, 2022, at the Columbus, Ohio law offices of Allen Stovall Neuman & Ashton LLP, 10 W. Broad St., Ste. 2400, Columbus, Ohio 43215. The Debtor may also conduct the Auction by Zoom or other video conferencing service at its sole discretion, provided it gives sufficient notice thereof to all Qualified Bidders.

6.     **The Bid Procedures.** The Bid Procedures, which are available upon request by contacting the undersigned, set forth the process by which the Debtor seeks to conduct the Auction. Participating bidders at the Auction will include the Stalking Horse Bidder and any potential purchaser that satisfies the requirements set forth in the Bid Procedures.

7.     **The Sale Hearing.** The Court will hold a hearing (the "Sale Hearing") on the Sale Motion on November 29, 2022 at 10:00 a.m. (prevailing Eastern Time) before the Honorable Judge Alan M. Koschik of the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (Akron). At the Sale Hearing, the Debtor will seek approval of the proposed sale of the Assets. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in- interest other than by announcement of said adjournment in the Bankruptcy Court or on the Bankruptcy Court's calendar on the date scheduled for the Sale Hearing. General objections, if any, to the Sale Motion must be filed with the Court and served upon parties in interest so as to be received no later than November 25, 2022 at :00 p.m. (prevailing Eastern Time).

8.     **Assumption of Contracts and Leases.** As part of the sale of substantially all of the Debtor's assets, the Debtor proposes to assume and assign the Assumed Contracts Leases. A list of the Assumed Contracts and Leases may be obtained from the Debtor. If you are a party to an Assumed Contract or Lease, you will receive a separate motion or notice, which will identify the contracts or leases to be assigned, the identity of the assignee, and the amount, if any, to be paid as a "cure amount" under section 365 of the Bankruptcy Code. Objections, if any, to the assumption and assignment of any Assumed Contracts or Leases, or to any proposed Cure Costs, must be filed with the Court and served upon parties in interest as follows: (i) to the Stalking Horse Bidder, by November23, 2022, at 4:00 p.m. (prevailing Eastern time); and (ii) to a Successful Bidder that is not the Stalking Horse Bidder, by November 28, 2022, at 4:00 p.m. (prevailing Eastern Time).

---

[3] Unless otherwise defined in this notice, capitalized terms have the meanings given to them in the Sale Motion and its exhibits.

9.    **Sale Objections.** If you seek to object to the sale on any grounds, you must comply with the terms for making an objection as set forth in the Bid Procedures Order. Objections must be filed with the Bankruptcy Court and served on the parties set forth in the Bid Procedures and its related Bid Procedures Order. If any party fails to timely file and serve an objection in accordance with the Bid Procedures and/or the Bid Procedures Order, the Bankruptcy Court may disregard the objection.

10.    **Complete Copies.** Complete copies of the Sale Motion and related documents may be obtained contacting counsel for the Debtor below.

Dated _____, 2022                    Respectfully submitted,

 /s/ Richard K. Stovall
Thomas R. Allen        (0017513)
Richard K. Stovall      (0029978)
James A. Coutinho      (0082430)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500      F: (614) 221-5988
allen@ASNAlaw.com; stovall@ASNAlaw.com
coutinho@ASNAlaw.com

*Counsel for Debtor/Debtor in Possession*